## THE SETTING UP OF COUNTER-CLAIMS.

Common Pleas Court of Stark County.

McCASKEY REGISTER CO. v. AMERICAN CASE & REGISTER CO. ET AL.

Decided, April 12, 1909.

*Counter-claim—Method of Pleading—May be Set up Though not in Existence at the Commencement of the Action, When—Truth of Allegations of Petition not Admitted by Setting up a Counter-claim.*

1. A corporation which has been made defendant in an action for damages on account of unfair competition may set up a counter-claim based on unfair competition on the part of the plaintiff; and it is not essential in such a case that the counter-claim arise out of a contract or transaction set forth in the petition, or that the counter-claim be in existence at the time of the commencement of the action, but it is sufficient if it be connected with the subject of the plaintiff's cause of action.

2. A defendant is not required to admit the truth of facts alleged in the plaintiff's petition as a condition precedent to his maintaining a counter-claim.

*Lynch & Day,* for plaintiff.
*Hart & Koehler,* contra.

This case was instituted by the plaintiff to recover damages in the sum of $100,000 for alleged conspiracy on the part of the defendant company and its officers for disrupting and taking away the sales force of the plaintiff company; for constructing a register similar to the register manufactured by plaintiff and marketing it as the register of plaintiff company; for charging the plaintiff company. with financial embarrassment and for using the advertising matter and testimonials of plaintiff company in the sale of defendant's register.

The defendant filed an answer and cross-petition denying generally the facts set forth in plaintiff's petition, and by way of cross-petition seeks damages from the plaintiff company in the sum of $200,000, charging an alleged destruction of its business by the plaintiff, unfair competition in following and embarrassing its salesmen and taking them away from defendant, making a cheap device similar to defendant's register for competitive purposes, securing cancellation of defendant's contracts with its

customers, sending letters and circulars to defendant's customers, threatening them with infringement suits and publication of the petition filed in this case for competitive campaign purposes. The supplemental cross-petition filed by defendant charges a continuation of the same wrongs on the part of the plaintiff since the filing of plaintiff's petition.

The questions involved are raised by a general demurrer filed by plaintiff to the cross-petition and supplemental cross-petition of the defendant; the other necessary facts are stated in the opinion of the court.

Lynch & Day, for plaintiff, cited Sections 5067, 5069, 5076, Revised Statutes, and argued that the defendant's cause of action set up in its cross-petition and supplemental cross-petition is not connected with the subject of plaintiff's action. Evans v. Hall, 1 Hand., 434; Needham v. Pratt, 40 Ohio St., 186; Donnegan v. Armour, 3 C. C., 432; Burkhardt v. Burkhardt, 2 Bull., 22; Marshall Bros. v. Masson, 2 C. S. C., 66; Dougherty v. Cummings, 1 Bull., 283; Loomis v. Bank, 10 Ohio St., 327; Gelshenen v. Harris, 26 Fed. Rep., 680; Rogers v. State, 23 Ind., 543; Nolle v. Thompson, 60 Ky. (3 Metc.), 121; Barr v. Post, 56 Neb., 698; Rothschild v. Whitman, 132 N. Y., 472; Sheehan v. Pierce, 70 Hun., 23 (23 N. Y. Supp., 1119); Mulberger v. Koenig, 62 Wis., 558.

It was also argued that not only does the cross-petition fail to allege any connection between the cause of action set up therein and the cause of action pleaded by plaintiff, but it denies such connection because by its general denial it denies the existence of all the material facts constituting plaintiff's right of action. 2 Bates' Pleading, 1560; 7 Abbott's Practice, 395.

And further that the counter-claims must all be in existence at the time plaintiff's action was commenced where the supplemental counter-claim in this action sets up facts occurring since the beginning of the action. Ashley v. Marshall, 29 N. Y., 494; Vann v. Rouse, 94 N. Y., 401; Donnegan v. Armour, 3 C. C., 432; Gannon v. Dougherty, 41 Cal., 661; Paige v. Carter, 64 Cal., 489; Fergus Print. & Pub. Co. v. Otter Tail County, 60 Minn., 212; Orton v. Noonan, 29 Wis., 541.

Hart & Koehler, for defendants, cited Sections 4948, 5055, 5066, 5067, 5069, 5070, 5119, Revised Statutes, and argued a

cross-petitioner need not admit facts set out in plaintiff's petition before he can maintain counter-claim, but may deny them and still counter-claim. Sections 5067, 5315, Revised Statutes; Smith v. Minchell, 10 Am. L. Rec., 484; Wiswell v. Church, 14 Ohio St., 31; Hill v. Butler, 6 Ohio St., 207; Bradford v. Andrews, 20 Ohio St., 208; Lancaster, Ohio, Mfg. Co. v. Colgate, 12 Ohio St., 344; Phillips' Code Plead., Sections 261, 262.

The matter set up in defendant's cross-petition and supplemental cross-petition is a proper subject of counter-claim, as is shown especially by the later cases in Ohio as distinguished from the earlier ones; and it is policy of the law to consolidate litigation and avoid a multiplicity of suits. Pacific Express Co. v. Malin, 132 U. S., 531; Snow v. Holmes, 71 Cal., 142; Glen & Hall Mfg. Co. v. Hall, 61 N. Y., 226; Grimes v. Grimes, 88 Ky., 20; Mogle v. Black, 5 C. C., 51; affirmed without report, Black v. Mogle, 51 Ohio St., 582; Barholt v. Wright, 45 Ohio St., 177; Swan's Plead. & Prec., 259; Cincinnati Daily Trib. Co. v. Bruck, 61 Ohio St., 489; Shoemaker v. Jackson, 128 Iowa, 488; McArthur v. Canal Co., 34 Wis., 139; Penn v. Hayward, 14 Ohio St., 302; Witte v. Lockwood, 39 Ohio St., 141; Morgan v. Spangler, 20 Ohio St., 38; Peter v. Foundry & Machine Co., 53 Ohio St., 534; Needham v. Pratt, 40 Ohio St., 186; Woodruff v. Garner, 27 Ind., 4 (89 Am. Dec., 477); Sheibley v. Dixon County, 61 Neb., 409; Ashley v. Marshall, 29 N. Y., 494.

The code provides for a supplemental cross-petition which may contain new matter arising since the beginning of suit. Sections 5119 and 5120, Revised Statutes; King v. Longworth, 7 Ohio (pt. 2), 231; Donnegan v. Armour, 3 C. C., 432; Sanfleet v. Railway, 10 C. C., 460; Howard v. Johnston, 82 N. Y., 271; Acer v. Hotchkiss, 97 N. Y., 395; Shannon v. Wilson, 19 Ind., 112; L. S. & M. S. Ry. v. Hutchins, 37 Ohio St., 282; Gibbon v. Dougherty, 10 Ohio St., 365; Potter v. Norwood, 21 C. C., 461; Weitzel v. Delhi, 12 Circ. Dec., 737; Glenn v. Hoffman, 2 W. L. M., 599; Dickason v. Bank Co., 6 C. C.—N. S., 329.

AMBLER, J.

The question raised and argued on the demurrer of the plaintiff to the defendant's amended cross-petition and supplemental

cross-petition must, as this court views it, be determined from the authorities in our own state. The authorities in other states are by no means uniform, and the tendency of our courts has been directly in conflict with the holdings in New York and many other states which have continued even under somewhat liberal codes, to follow more nearly the rules of the common law in authorizing the pleading of counter-claims.

The earlier cases in this state, decided since the adoption of the code, seem to lean toward the stricter rule of pleading in this regard, but I am of the opinion that all of the more recent cases tend toward greater liberality, in not only enabling, but also requiring, parties so far as practicable, to submit all their controversies for adjustment in a single action.

This was announced to be the rule in *Needham* v. *Pratt,* 40 Ohio St., 186, cited by counsel for the plaintiff; and this principle has been followed, if not directly announced, in all of the decisions involving the right of counter-claim since that time, so far as I have been able to ascertain.

The rule, and the reasoning for the rule announced by Judge Swan in his work on Pleading and Precedents, which was adopted by the Circuit Court of Darke County in *Mogle* v. *Black,* 5 C. C., 51, as the basis for its decision in a case analogous to the one at bar, ought, as I believe, to control the decision in this case; as, in that case, in an action to recover damages for a tort (an assault and battery), the defendant was permitted to counterclaim for damages for a tort (a malicious slander), preceding and connected with the assault. It is not necessary to quote from this decision, which was afterwards affirmed by the Supreme Court, in *Black* v. *Mogle,* 51 Ohio St., 582.

To the same effect is the language of Judge Minshall in *Barholt* v. *Wright,* 45 Ohio St., 177.

"It would seem that under the code the right of each combatant to damages might be determined and measured in the same action."

In *Cincinnati Daily Trib. Co.* v. *Bruck,* 61 Ohio St., 489, our Supreme Court held where Bruck, plaintiff below, sued for libel, the tribune company, defendant below, might counter-

claim for damages for the malicious prosecution of a suit against it for dissolution and the appointment of a receiver, and said:

"If, however, the facts stated constitute a cause of action in favor of the defendant for the recovery of damages against the plaintiff for the malicious prosecution of the suit for the appointment of a receiver, it is very clear that they would constitute a counter-claim in this action. They are connected with the subject of the action; and this is sufficient to warrant their being pleaded as a counter-claim." Citing Swan's Plead & Prec., 259, note.

It can not, of course, be contended that the cause of action alleged as a counter-claim in this case arises out of a contract set forth in the petition, nor that it arises out of the transaction set forth in the petition; but is it not connected with the subject of plaintiff's action?

If an individual who has an altercation with another may counter-claim for damages for assault and battery in an action brought by the other for his assault upon him, why may not a corporation, when sued by another for unfair competition, counter-claim for the unfair competition it claims the other has been guilty of? What distinction can be made between a commercial quarrel and a personal quarrel, in so far as the application of rules of pleading in this character of cases is concerned?

But, it is contended, that the defendant's answer, denying generally and specifically the material allegations of the plaintiff's petition, precludes it from setting up its affirmative defense by way of counter-claim. It may be that that is the rule in New York state, as evidenced by the cases referred to by counsel for the plaintiff in Abbott's Practice Reports; but as our courts have said, the New York holdings should not be regarded as a precedent in the light of holdings in our own state.

Section 5067, Revised Statutes, provides that the defendant may set forth in his answer as many grounds of defense, counter-claim or set-off as he may have, so long as they are not inconsistent with each other. And Section 5066 provides that the answer shall contain (1) a general or specific denial of each material allegation of the petition controverted by the defendant; (2) a statement of any new matter constituting a defense, counter-claim or set-off.

The code, therefore, makes no limitation upon the joinder of defenses, except that inconsistent defenses shall not be joined; and courts have distinguished between inconsistency arising from a direct contradiction of facts averred, and that inconsistency which arises by implication of law. A defense of new matter involves an admission of the truth of the facts stated in the petition; but this is only for the purpose of that particular defense, and is not inconsistent with its being false in fact; and that it is false in fact may, under our code, be asserted in a separate defense in the same answer.

In other words, when a defendant can truthfully deny the allegations of a petition, he is not required to admit them to be true in fact as a condition upon which he may avail himself of new matter in defense. He may deny as one defense, but failing in that defense he is not precluded from proof of new matter which is itself a defense by reason of being the basis of an off-set or counter-claim.

In *Pavey* v. *Pavey*, 30 Ohio St., 600, it was held in an action upon a promissory note that defendant might deny execution and plead want of consideration and indeed *non assumpsit*, payment, and the statute of limitations have been held to be consistent defenses. These defenses would, at first blush, seem to be inconsistent; but can it be said that a denial of the plaintiff's cause of action is inconsistent with the assertion of the defendant's cross-petition in the case at bar?

The defendant, in effect, says it denies the cause of action in plaintiff's petition, and requires proof thereof; but if the jury find otherwise, growing out of the same controversy, the industrial warfare between these two companies, it has the cause of action set forth in its cross-petition, which it asks the jury to pass upon in determining the real controversies that exist between the parties in this case.

Nor do I see how any other ruling should apply to the demurrer to the supplemental cross-petition. It avers a continuation since the filing of the amended cross-petition of the same character of acts which each claims the other is guilty of—a continuation of the same claimed warfare, and therefore, to my mind, it is not properly the subject of a separate suit, in view

of the fact that an action is now pending wherein the entire controversy between these parties may be adjudicated.

The demurrers to the amended cross-petition and the supplemental cross-petition will therefore be overruled, and exceptions noted.